# A M E N D E D   C O M P L A I N T

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA

Marcus Marsh,

      Plaintiff,

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

    **-against-**

United States of America, and its

agents; K.Nolte; Capt.D.Brown;

S.Hoey; R.Dominici; Nurse Mims

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

**Complaint for Violation of Civil Rights**
(Prisoner Complaint)

Case No. 2:23-cv-02950-MGL- MGB
*(to be filled in by the Clerk's Office)*

Jury Trial:    ☒ Yes   ☐ No
              *(check one)*

Seeking to drop named Defendant's, and seeking to make the United States the sole Defendant. See Statement of Claims hereto Attached.

2023 NOV 14, AM 10:26 RECEIVED

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

When submitted for filing, your complaint should be accompanied by the full filing fee or an application to proceed in *forma pauperis*.

1

## I.  The Parties to This Complaint

### A.  The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name     Marcus Marsh

All other names by which you have been known:
Marcus Marsh

ID Number     33070-171
Current Institution     FCI Williamsburg
Address     P.O. Box 340
Salters, SC 29590

### B.  The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name     United States of America
Job or Title     Attorney General
(if known)
Shield Number     Unknown
Employer     United States of America
Address     950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

☒  Individual capacity     ☒  Official capacity

Defendant No. 2
Name     K. Nolte

2

| | |
|---|---|
| Job or Title (if known) | Health Service Administrator |
| Shield Number | Unknown |
| Employer | Bureau of Prisons |
| Address | 8301 U.S. Highway 521 |
| | Salters, SC 29590 |

x☒   Individual capacity      x☒   Official capacity

**Defendant No. 3**

| | |
|---|---|
| Name | Capt. D. Brown |
| Job or Title (if known) | Unknown |
| Shield Number | Unknown |
| Employer | Bureau of Prisons |
| Address | 8301 U.S. Highway 521 |
| | Salters, SC 29590 |

☒   Individual capacity      x☒   Official capacity

**Defendant No. 4**

| | |
|---|---|
| Name | R. Dominici, MD/S. Hoey C.D. |
| Job or Title (if known) | M.D./Clinical Director |
| Shield Number | Unknown |
| Employer | Bureau of Prisons |
| Address | 8301 U.S. Highway 521 |
| | Salters, SC 29590 |

☒   Individual capacity      x☒   Official capacity

**II.   Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

3

A.     Are you bringing suit against *(check all that apply)*:

☒     Federal officials (a *Bivens* claim)

☐     State or local officials (a § 1983 claim)

B.     Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Title 18 United States Code Section 4042(a)(2). The Defendant's has breached its duty of care owed to Plaintiff.

C.     Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Eighth Amendment Right to Cruel and Unusual Punishment; and Right to receive adequate medical care, Title 18 U.S.C. § 4042(a)(2).

D.     Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

The Defendants' failed to provided adequate health care in violation of Title 18 U.S.C. § 4042(a)(2). See Statement of Claims hereto attached.

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐     Pretrial detainee

☐     Civilly committed detainee

☐     Immigration detainee

4

□   Convicted and sentenced state prisoner

■   Convicted and sentenced federal prisoner

□   Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

Breach of duty arose while incarcerated within the Bureau of Prisons.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

See Statement of Claims with facts hereto attached. Listed as Statement of Claims. Paragraph's 1-64. Incorporates by reference paragraphs 1-64.

C. What date and approximate time did the events giving rise to your claim(s) occur?

See Statement of Claims with facts, dates, and claims. Incorporate by reference paragraphs 1-64.

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

The facts are contained in the medical record and the incorporated paragraphs listed as Statement of Claims. Paragraphs 1-64.

5

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

All injuries will be found in Statement of Claims hereto attached, along with the facts regarding the staff involvement. Notably, the agents names are witheld in the Statement of Claims, and listed as sole defendant as United States of America. Plaintiff assumes that the United States will certify the named defendants as agent working under the color of the United States and therefore are immune from suit. United States sole defendant.

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Relief can be found on page 14 of Statement of Claims, where Plaintiff seeks a Trial by Jury; Non-economic actual and compensatory damages in excess of Three Hundred and Fifty Thousand Dollars ($350,000.00); Such other relief this Court may deem appropriate.

## VII.    Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

6

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

FCI Williamsburg, 8301 U.S. Highway 521, Salters, South Carolina 29590

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

Plaintiff file a Federal Tort Claim Act ("FTCA") action and grievances. Hereto Attached under Appendix.

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

7

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☒    Yes

☐    No

E.    If you did file a grievance:

1.    Where did you file the grievance?

Due to the complexity involving the Grievance procedure in the Bureau of Priosns, Plaintiff a full copy of the procedure used along with a copy of the Standard Form 95 ("FTCA"). Appendix.

2.    What did you claim in your grievance?

See Appendix-A.

3.    What was the result, if any?

They never fixed the problem.

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

Plaintiff contends that he used all stages available to him.

8

F.    If you did not file a grievance:

    1.    If there are any reasons why you did not file a grievance, state them here:

        File Grievance, See Appendix-A

        Filed FTCA Claims as well.

    2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

        N/A

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

        Exhausted all available remedies. See Appendix-A

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)* See Appendix-A

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

    ☐    Yes

    ☒    No

9

If so, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐   Yes

☒   No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)   N/A
Defendant(s)   N/A

2.   Court *(if federal court, name the district; if state court, name the county and State)*

N/A

3.   Docket or index number

N/A

4.   Name of Judge assigned to your case
N/A

5.   Approximate date of filing lawsuit
N/A

6.   Is the case still pending?   N/A

☐   Yes

☐   No

If no, give the approximate date of disposition.   N/A

10

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

N/A

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment? N/A

☐    Yes

☒    No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)   N/A

Defendant(s)   N/A

2.    Court *(if federal court, name the district; if state court, name the county and State)*

N/A

N/A

3.    Docket or index number

N/A

4.    Name of Judge assigned to your case

N/A

5.    Approximate date of filing lawsuit

N/A

6.    Is the case still pending?   N/A

☐    Yes

☐    No

11

If no, give the approximate date of disposition.  N/A

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

N/A

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: November 3, 2023

Signature of Plaintiff

Printed Name of Plaintiff    Marcus Marsh

Prison Identification # 33070-171

Prison Address    P.O. Box 340

Salters, South Carolina    29590

| City | State | Zip Code |

### B.    For Attorneys    N/A

Date of signing: _____, 20__.

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

12

Address                              _____

Telephone Number                _____

E-mail Address                     _____

MARCUS T. MARSH 33070-171

M___ J. M___  11 / 3 / 2023

13

S T A T E M E N T     O F     C L A I M S

1. Incorporated by Reference.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
(CHARLESTON DIVISION)

A M E N D E D     C O M P L A I N.T

Marcus Marsh,

        Plaintiff,

v.,

United States of America,

        Defendant.

) C/A No. 2:23-cv-02950-MGL-MGB
)
) Amended Complaint Seeking
) Monetary Damages in Excess of
) Three Hundred and Fifty Thousand
) Dollars ($350,000.00) pursuant
) S.C. § 15-32-220(E); 28 U.S.C.
) §§ 1346, 2671 et seq.; 18 U.S.C.
) § 4042 : Medical Malpractice.
)

## STATEMENT OF CLAIMS/PURPOSED AMENDMENT

1.    This Court has jurisdiction under 28 U.S.C. § 1331(a); 28 U.S.C. §§ 1346 et. seq., 2671 et seq.; 18 U.S.C. § 4042; and South Carolina Law, Section 15-32-220(E).

2.    Plaintiff, Marcus Marsh, is an individual that resides in the custody of the Bureau of Prisons ("BOP"), currently at the FCI Williamsburg facility located at 8301 U.S. Highway 521, Salters, South Carolina 29590.

3.    Plaintiff has exhausted his Administrative Remedies by presenting the complaint through the BP process. See Exhibit-A, hereto attached, and FTCA.

4.    Defendant, the United States, located at 950 Pennsylvania Avenue, N.W. Washington, D.C. 20530-0001, Attorney General of the United States, Department of Justice, Room B-103; and United States District Attorney for the District of South Carolina, 1441 Main Street, Suite 500, Columbia, S.C. 29201.

5.    Defendant has been served with the Amended Complaint

- 1 -

by way of United States Postal service, by placing in the prison mail box with prepaid postage.

6.   Plaintiff is an inmate that suffers from several serious medical problems as a result of defendant breach of duty owed to the plaintiff.

7.   Plaintiff avers that before his arrival at FCI Williamsburg, his was experiencing a bad case of Ulcer Colitis, which warranted a number of trips to the emergency room at a local hospital where he was treated and given a list of oral medications for him to consume on a daily basis.

8.   Plaintiff avers that upon arriving from the hospital visit, he was placed in quarantine pursuant to FCI Williamsburg protocal based on the pandemic cause by COVID-19 virus, where the health care professionals at this facility would make rounds two times a day passing out medications to the general prison population, whom have a standard care as prescribed by the BOP's, and 18 U.S.C. § 4042.

9.   Plaintiff contends that in the month of February, 2021, he began to notice blood clots in his stool, a long with experiencing vision abnormalities.

10.   Plaintiff avers that in the months of February 2021, and March of 2021, he began  notifying the health care professionals at this facility by way of electronic cop-out concerning the thick blood clots that have been appearing in his stool, and the deteriorating eye vision and other symptoms which may have caused

- 2 -

other medical isses. See Exhibit-C, hereto attached.

11.    Plaintiff avers that for the next Six Months, (since February 2021) he wrote numerous electronic cop-outs to the defendant pleading and begging for medical treatment to resolve or elevate the symptoms regarding the IBD, internal bleeding disorder. :

12.    Plaintiff avers that the defendant was aware of his medical condition and failed to provide any type of medical treatment that may have slowed the progression of the IBD, and cleared up some of the other symptoms that developed because of the lack of medical treatment or care. The defendant only response was that "you are on the list to see a Gastrologist specialist.

13.    Plaintiff avers that between the dates of February, 2021, and March of 2021, he initiated the Grievance process by filing a BP 8 requesting medical treatment concerning the blurry vision he was experiencing.

14.    Plaintiff contends that on the date of June 16, 2021, he was seen via video conference call, by Gastrologist specialist (Doctor McDuffie).

15.    Plaintiff contends that during the conference call, the Doctor asked the defendants' agent for the pathology report, at which the agent stated the computers are down and that information is unavailable at this time.

16.    Plaintiff contends that despite the fact that the defendants' agent, aware of numerous complaints of the irregular bowl movements, active rectal bleeding and the history of

- 3 -

Intestinal bowl disorder.

17.    Plaintiff contend and believes that the defendant intentionally failed to provide the pathology report, which prevented the Gastrologist from diagnosing the problem and providing treatment until the physical examine would occure.

18.    Plaintiff contends that the Defendants' agent falsified documents that plaintiff's digestive system disease was in remission.

19.    Plaintiff contends that the defendant withheld the pathology reports from Gastro Intestinal Specalist on the dates of 02/2019; 04/16/2020; 10/02/2020; 06/16/2021; and 10/12/2021. See Exhibit-F, hereto attached.

20.    Plaintiff avers that on 06/02/2021, via electronic cop out, he informed defendant that he was filing an informal resolution complaint regarding the rectal bleeding and a list of other untreated symptoms that have attached themselves as a result of not treating the other serious medical needs.

21.    Plaintiff avers that on 07/15/2021, that he detailed within the BP-8 complaint, that he had thick blood clots within his stool and that he had been seeking medical care for his serious medical needs for over Six months, and detailed how his eye vision had declined.

22.    Plaintiff avers that on 08/04/2021, he received a response from the defendant (reply to BP-8), in which the agent prescribed Prednisone to treat his serious medical needs, at that time, the agent also attempted to resolve the issue regarding the

- 4 -

blurry vision.

23.    Plaintiff contends that he was prescribed a certain medication called Sulfasalazine, which was originally prescribed in 2020 and the medical health professionals failed to provide said medication.

24.    Plaintiff contends that on the date of 09/28/2021, an agent of the defendant consulted with him regarding the medical drug Sulfasalazine, which he had originally prescribed (which Plaintiff never received), until the agent rewrote the prescription on 09/28/2021.

25.    Plaintiff avers that an agent of the defendant, on 09/28/2021, wrote a prescription for plaintiff to take a higher dose of Prednisone and Mesalamine.

26.    Plaintiff contends that he notified the agent of the defendant, via electronic cop-out, explaining that the higher dosage of the medications of Prednisone and Mesalamine is exacerbating the existing condition and causing more abdomen pain and increased the blood found in stool, and cause excessive amounts of blood lost, and frequent trips to the rest room.

27.    Plaintiff avers that defendant was notified, via electronic cop-out, about the warning label that stated that the medication prescribed by the defendants' agent, was not approved to be taken for Crohns Disease, Ulcer Colitis, or any other Bowel problems, which is the problem that plaintiff was suffering from. The medication is called Azathioprine.

28.    Plaintiff contends that the medication (Azathioprine)

- 5 -

was discontinued without an explanation after plaintiff had made the complaint via electronic cop-out.

29.     Plaintiff contends that on 11/12/2021, he was finally seen by the Gastrologist Specialist while he was still hemorrhaging blobs of blood clots within plaintiffs' stool, along with mucus.

30.     Plaintiff contends that the defendant breached its duty of care owed by the defendant pursuant to 18 U.S.C. § 4024 et seq., and the delayed care exacerbated the existing medical condition, and the breach of that duty, by its negligent act or omission, resulting in continued pain and suffering damages, proximately resulting from that breach of duty.

31.     Plaintiff contends that the Colon exam, performed by an out-side source, informed Plaintiff that his condition had had severely worsened since the last time he examined the Plaintiff. (Medical Records will support Plaintiff's Claim).

32.     Plaintiff contends that because defendant breached its duty of care owed to the plaintiff, he has experience weight loss, extreme pain in the abdomen area, excessive urinations, vision loss, extreme fatigue, loss of appetite, mental anguish, extreme mental disturbance, extreme discomfort, and extreme pain and suffering.

33.     Plaintiff alleges that the actions of Defendant ("United States"), is reprehensible, willful, malicious, and in blatant and intentional disregard for the rights owed to Plaintiff regarding his serious medical care.

34.     Plaintiff alleges that the actions of the Defendant are

- 6 -

grossly, or wanton negligent for their failure to provide a duty of care owed by the Defendant to Plaintiff pursuant to 18 U.S.C. § 4042 et seq., where the Defendants' breached that duty by by its negligent act, or ommission, or medical malpractice, by failing to provide medical treatment, or by prescribing the wrong medications which exacerbated the existing medical condition of Ulcer Colitis.

35.    Plaintiff alleges that while visiting McDuffie ə (Gastrologist Specialist), his assistant ("Jane or John Doe") stated to me "that must not have been taking my medication", and my reply was, "no one has prescribed me any medication for my condition."

36.    Plaintiff alleges that Gastrologist Specialist McDuffie prescribed him to take a stronger medication by the name of Humari which would aggressively treat the condition of Crohns/Ulcer Colitis Disease. Dr. McDuffie informed Plaintiff that he would would immediately be administered this medication.

37.    Plaintiff avers that on 11/16/2021, he contacted the defendants' agent about the prescription of Humari that Dr. McDuffie had prescribed to Plaintiff during his visit with the Doctor, via electronic cop-out, Plaintiff stress the fact that Plaintiff was still experiencing a list of symptoms attributed from the Crohns/Ulcer Colitis disease. The defendant did respond and stated that plaintiff has been scheduled to be seen.

38.    Plaintiff avers that on the date of 11/17/2021, he was seen by two agents of the defendants', and was informed that he would be given the Humari soon, and the second agent informed

- 7 -

plaintiff that he is now Anemic. Plaintiff asked the second agent the question of how he became Anemic and the second agent stated that it could be because of the considerable amount of blood lost over the 10 month time span.

39.    Plaintiff avers that on the date of 11/18/2021, his Gastro Intestinal bleed became so severe that he could barely breath. Plaintiff continued to complain about a number of issues that continue to flair-up as a result of the Ulcer Colitis not properly being treated by the defendant.

40.    Plaintiff avers that via electronic cop-out, he had explained to the defendant that he was experiencing shortness of breath, severe fatigue, a drastic amount of blood loss, swelling in the right leg, pain in a number of areas in the body, weight loss, and a host of other symptoms. One of the defendants agents' contacted a Doctor in the facility whom gave plaintiff an examination.

41.    Plaintiff avers that after the Doctor gave him an examination, he was rushed to the out-side hospital for emergency care because the Doctor had determined in his examination the plaintiffs' Hemoglobin level was very low to the point where a trip to the Emergency Room was needed.

42.    Plaintiff avers that when he was rushed to the Emergency Room at King Stree Hospital, where he received a number of blood transfusions to stop the Gastrointestinal bleed, and to treat the

disease of Ulcer Colitis. See Exhibit-H, hereto attached.

43.    Plaintiff avers that on the date of 11/19/2021, around 08:00 A.M., he was transferred to Providence Hospital (USC), Columbia, S.C., due to the complications of his health condition.

44.    Plaintiff avers that upon arrival at the Providence Hospital, he was immediately administered I.V.'s, and a number of different health monitoring machines. I was assigned a health care specialist (Doctor) whom monitored the condition of Ulcer Colitis, where plaintiff was issued daily oral medication.

45.    Plaintiff avers that upon being released from the Providence Hospital, he was prescribed a long list of medications that were intended to resolve the number of problems resulting from the lack of medical attention of the Ulcer Colitis.

46.    Plaintiff avers that on the date of 12/05/2021, he noticed a thick blob of blood in his stool after recently being from the hospital, where he was treated for the same symptoms of Gastro Intestinal Bleed. During SHU ("Special Housing Unit") rounds Plaintiff spoke with the defendants' agent, explaining the problem and showing him that the toilet was full of blood.

47.    Plaintiff avers that on the date of 12/08/2021, three days (3) later, he was escorted to medical to be seen by an agent of the defendant, whom administered a steroid shot for purposes of stopping the reoccurring Gastro Intestinal Bleed. Notably, the defendants' agent withdrew 10 tubes of blood from arm after receiving 4 blood transfusions.

48.    Plaintiff avers that after being released from the SHU

- 9 -

he received a response to his second BP-8, which complained about not being seen in a timely fashion, where it took nearly one year to be seen, which started off with a simple Ulcer Colitis which has progressed to a number of other major diagnoses from the defendants negligent act/and or omission.

CLAIM ONE

THE DEFENDANT HAS DISPLAYED/AND CONTINUES TO
DISPLAY GROSSLY NEGLIGENT, WILFUL, WANTON,
AND RECKLESS CONDUCT OF PLAINTIFF'S SERIOUS
MEDICAL NEEDS BY CONTINUOUSLY FAILING TO
PROVIDE THE PROPER MEDICAL TREATMENT TO
HIS SERIOUS MEDICAL NEEDS OF ULCER COLITIS

49.    Plaintiff incorporates paragraphs 1-48 by reference in this Amended Complaint.

50.    Plaintiff alleges that the actions of the United States ("Defendant"), are grossly and/or wanton negligent, for its failure to provide a duty of care owed by the defendant to Plaintiff, which has/and is causing mental anguish, extreme mental disturbance, extreme discomfort, and extreme pain and suffering where the defendant has breached that duty by its negligent act or omission of not providing timely medical treatment to Plaintiff regarding his diagnoses of Ulcer Colitis, which delays have caused or progressed into other serious medical issues.

51.    Plaintiff alleges and states a claim upon which relief can be granted in the form of actual, and compensatory damages in excess of Three Hundred and Fifty Thousand Dollars ($350,000.) where the defendant has committed medical malpractice by prescribing the wrong medication, see paragraphs 25, 26, which

- 10 -

plaintiff incorporates by reference.

52.   Plaintiff is alleging that the actions of the defendant is reprehensible, wilful, malicious, and in blatant and intentional disregard for the rights owed to Plaintiff regarding his serious medical needs of Ulcer Colitis, which delays in medical treatment, exacerbated this condition and created a number of other health problems.

53.   Plaintiff alleges and claims that he is experiencing extreme paranoia, mental anguish resulting in difficulty in sleeping, eating, and carrying out otherwise daily activities, as a result of the defendant's disregard for the rights owed Plaintiff regarding his serious medical needs.

54.   Plaintiff alleges and claims that the claims presented in this Amended Complaint involves a medical facility of the United States, and the cap for non-economic damages is $350,000., for each plaintiff.

55.   Plaintiff alleges that claims presented in this Amended Complaint involves claims of United States gross negligence, wilful, wanton, and reckless conduct which removes the non-economic damage cap of South Carolina Law. Basically allowing a claimant to seek and recover the amount listed on the Complaint. See South Carolina Code Law 15-32-220(E).

56.   Plaintiff contends that as a result of the United States breach of its duty of care owed to Plaintiff pursuant to 18 U.S.C. § 4042 et seq., he is seeking $350,000.00 in non-economic damages for their gross/wanton negligence for the delayed care, which has

- 11 -

exacerbated the existing medical condition of Ulcer Colitis, resulting in a number of other health related problems, and continued pain and suffering.

57.    Plaintiff contends that he is suffering Physical pain, Mental Anguish, Emotional distress, and Loss of Enjoyment of Life as a result of the United States breach of its duty of care owed to Plaintiff, and he seeks non-economic compensation in the form of Actual and Compensatory damages in the amount of $350,000.00 where the defendant continues to breach that duty by negligent act or omission.

58.    Plaintiff contends that the United States actions are particularly egregious and a monetary form of punishment for Compensatory damages should be awarded, and that award should be substantial.

CLAIM TWO

THE DEFENDANT HAS DISPLAYED GROSS NEGLIGENCE
IN ITS CARE TO PLAINTIFF AFTER RECEIVING A
DIAGNOSIS OF ULCER COLITIS AND FAILING TO
PROVIDE THE CORRECT MEDICATIONS TO RESOLVE OR
CORRECT THE SIGNIFICANT RISK OF HARM WHERE
THEY SHOULD HAVE KNOWN THAT UNTREATED ULCER
COLITIS COULD LEAD TO A NUMBER OF OTHER HEALTH
PROBLEMS

59.    Plaintiff incorporates paragraphs 1-58 by reference in this Amended Complaint.

60.    Plaintiff alleges that the United States breached its duty of care owed to the Plaintiff by failing to provide the correct medication and incorporates by reference paragraph's 10, 11, 12, 25, 26, 27, and 28, which detail the sequence of events regarding the United States providing the wrong medications in the

- 12 -

course of providing medical treatment for the Ulcer Colitis.

61.    Plaintiff alleges and states a claim upon which relief can be granted in the form of actual and compensatory damages in excess of Three Hundred and Fifty Thousand Dollars ($350,000.), where the defendant has breached its duty with gross/wanton negligent act or omission resulting in severe complications of other health related injuries that are now present after they breahed their duty of care.

CLAIM THREE

THE DEFENDANT HAS BREACHED ITS DUTY OF CARE TO PLAINTIFF WHICH HAS CAUSED IRREPARABLE HARM TO THE PLAINTIFF WHERE THAT NEGLIGENT ACT OR OMISSION RESULTING IN A NUMBER OF OTHER HEALTH PROBLEMS LISTED IN THE MEDICAL RECORDS

62.    Plaintiff incorporates paragraphs 1-61 by reference in this Amended Complaint.

63.    Plaintiff alleges that he has suffered irreparable harm based on the actions of the United States where they had delayed treatment of his diagnosed Ulcer Colitis, which delays caused a number of other health problems that will be revealed during the stage of discovery where the medical records will disclose exactly what health problems can be attributed to the delayed treatment of Ulcer Colitis.

64.    Plaintiff alleges and states a claim upon which relief can be granted in the form of actual and compensatory damages in excess of Three Hundred and Fifty Thousand Dollars ($350,000.) where the defendant has breached its duty of care owed to the Plaintiff. Plaintiff is also seeking relief in the form of medical

care, or treatment, and monetary relief in the amount to exceed Three Hundred and Fifty Thousand Dollars ($350,000.), based on the United States gross/wanton, wilful, reckless, and malpractice.

Based on the foregoing conduct by the United States, there should be no limit to the amount of damages that may be awarded, under South Carolina Law 15-32-220(E).

THEREFORE, Plaintiff request the following relief:

1.  Trial by jury if needed;

2.  Non-economic actual and compensatory damages in excess of Three Hundred and Fifty Thousand Dollars ($350,000.)

3.  Such other relief this Court may deem appropriate.


Respectfully submitted,


Marcus Marsh # 33070-171
FCI Williamsburg
P.O. Box 340
Salters, SC 29590

Marcus To Marsh
8/17/2023

- 14 -