

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| MARCUS MARSH,§ | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No.: 2:23-2950-MGL |
| § | |
| UNITED STATES OF AMERICA, § | |
| Defendant. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
AND DEEMING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Marcus Marsh (Marsh), who is representing himself, filed this civil action against Defendant United States of America (Defendant), asserting violations of his constitutional rights under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court grant Defendant's motion to dismiss or, in the alternative, motion for summary judgment. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 18, 2024.  The Clerk of Court docketed Marsh's objections on November 22, 2024, and December 4, 2024, and Defendants replied.  The Court has carefully reviewed the objections but holds them to be without merit.  It will therefore enter judgment accordingly.

Marsh is a federal prisoner housed at Federal Correctional Institute (FCI) Williamsburg.  Beginning in February 2021, Marsh alleges, the staff at FCI Williamsburg improperly disregarded his ulcerative colitis and neglected to properly treat his related symptoms.

On August 3, 2022, Marsh filed an administrative claim with the Bureau of Prisons (BOP).  The BOP denied Marsh's claim in a letter, which it mailed on December 16, 2022.  Six months and four days later, on June 20, 2023, Marsh delivered his complaint to prison officials.

As the Magistrate Judge explained, because the BOP mailed Marsh's final administrative denial on December 16, 2022, Marsh "needed to file the instant civil action on or before June 16, 2023[,] to satisfy the statute of limitations."  Report at 4–5; *see* 28 U.S.C. § 2401(b) (stating a tort claim against Defendant is barred unless brought "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented").  The mailroom stamp, however, indicates prison officials received Marsh's complaint on June 20, 2023.

Marsh maintains he dated the Federal Rule of Civil Procedure 11 certification section of his complaint on June 15, 2023, and placed it in the prison mailbox window on June 16, 2023.  Marsh further claims a mailroom officer informed him the mailroom logbook improperly failed to document the date on which he surrendered his complaint to prison officials.

2

Defendant posits the above information, at best, demonstrates Marsh signed the Rule 11 certification on June 15, 2023. Defendant, however, notes the envelope in which Marsh mailed the complaint states it was received June 20, 2023, and Correctional Systems Officer (CSO) J. Smith attested, "Marsh delivered this envelope to me at the mail room window on June 20, 2023, as is reflected by the date which I wrote on the stamp. I stamped, dated, and signed this envelope in . . . Marsh's presence." CSO Smith's Declaration ¶ 8. Defendant also observes neither itself nor the Magistrate Judge relied upon the mailroom logbook and instead considered the envelope and the CSO's declaration.

Though Marsh claims his Rule 11 certification and the mailroom logbook prove he filed his complaint on June 16, 2023, the Court agrees with Defendant the Rule 11 certification merely indicates the date on which Marsh signed it. And, the Court is unable to conclude Marsh's vague allegations—which are unsupported by an affidavit or verified complaint—overcome Defendant's admissible evidence showing the complaint was filed June 20, 2023. Accordingly, the Court will overrule Marsh's objections.

After a thorough review of the Report and record in this case under the standards set forth above, the Court overrules Marsh's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court Defendant's motion for summary judgment is **GRANTED**, and this matter is **DISMISSED WITH PREJUDICE**. As a result of this ruling, Marsh's motion for summary judgment is necessarily **DEEMED AS MOOT**.

**IT IS SO ORDERED.**

Signed this 21st day of January 2026, in Columbia, South Carolina.

                                            s/ Mary Geiger Lewis
                                            MARY GEIGER LEWIS
                                            UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of their right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.